**UNITED STATES of America,**
**Appellee,**

v.

**Jose DELEON, also known as Joseph**
**Leon, Defendant—Appellant.**

**No. 03–1135.**

United States Court of Appeals,
Second Circuit.

Oct. 17, 2003.

Colleen Kavanagh, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Noah Lipman, New York, NY, for Defendant—Appellant DeLeon.

Present: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant Jose DeLeon, also known as Joseph Leon, appeals from the judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) convicting him upon his plea of guilty to possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On appeal, DeLeon asserts that the District Court committed plain error when it sentenced him as an individual with two prior felony convictions rather than treating his prior state felony convictions as one conviction for purposes of sentencing pursuant to United States Sentencing Guidelines §§ 2K2.1(a), 4A1.2(a)(2).[1]

"A 'plain' error is an error so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *United States v. Gore,* 154 F.3d 34, 43 (2d Cir. 1998) (internal citation and quotation marks omitted).

> To establish plain error, a court must find 1) an error, 2) that is plain, 3) that affects substantial rights.... If an error meets these first three requirements, the Court engages in a fourth consideration: whether or not to exercise its discretion to correct the error. The plain error should be corrected only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Schultz,* 333 F.3d 393, 413 (2d Cir.2003) (internal citation and quotation marks omitted).

Guideline § 2K2.1(a) determines the base offense level for defendant's conviction for being a felon in possession of a firearm. In relevant part, it provides that "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," the sentencing court is to use a base offense level of 24. U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2002). The commentary to Guideline § 2K2.1 provides that:

> For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c). In addition, for purposes of applying subsection (a)(1) and (a)(2), use only those felony convictions that are counted separately under § 4A1.1(a), (b), or (c). *See* § 4A1.2(a)(2); § 4A1.2, comment. (n.3). Prior felony conviction(s) resulting in an increased base offense level under subsection (a)(1), (a)(2), (a)(3), (a)(4)(A), (a)(4)(B), or (a)(6) are also

---

1. Defendant concedes, as he must, that he did not raise this objection below. Accordingly, we will not review this claim absent plain error. *See United States v. Rappaport,* 999 F.2d 57, 59 (2d Cir.1993).

counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History).

*Id.* cmt. n. 15. Section 4A1.2(a)(2), in turn, instructs that "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence." U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2002). Note three to § 4A1.2 explains that

> [p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).

*Id.* cmt. n. 3.

Defendant was arrested on October 16, 1997 for selling heroin to three individuals, who also were arrested, from approximately 11:30 a.m. to 2:20 p.m. at 305 Eldert Street. Approximately five weeks later, on November 22, 1997, defendant again was arrested for sale of heroin in front of 306 Eldert Street, but this time he allegedly sold the heroin to an undercover officer at approximately 9:30 a.m. On December 2, 1997, he pled guilty in both cases to attempted sale of a controlled substance, a felony under New York law, and was sentenced May 21, 1998 to eight months' imprisonment for each offense, although the court ordered the sentences to run concurrent to one another.

Defendant claims that his two felony convictions for attempted sale of a controlled substance are "sufficiently similar to render them related pursuant to the common scheme or plan classification of U.S.S.G. Section 4A1.2(a)(2) as explained by comment note number 3."

Because the October 16 arrest separated the two offenses for which defendant was sentenced, they are plainly not related for § 4A1.2(a)(2) purposes. *See United States*

*v. Boonphakdee*, 40 F.3d 538, 544 (2d Cir. 1994) ("whether an intervening arrest was present constitutes a threshold question that, if answered in the affirmative, precludes any further inquiry to determine whether the prior sentences were imposed in related cases"). We therefore find that the District Court did not commit plain error in finding that DeLeon had been convicted of two unrelated drug felonies when it calculated his base offense level and his criminal history category. We have considered fully the arguments raised by the defendant and find no error in the District Court's decision. Accordingly, the judgment of the District Court is **AFFIRMED.**